UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM JAMES LAMBERT, JR.,  **DECISION & ORDER**
        Plaintiff,
                16-CV-00750[2]

v.

NANCY A. BERRYHILL, ACTING COMMISSIONER
OF SOCIAL SECURITY,
        Defendant.[1]
_____

    This is an action brought pursuant to 42 U.S.C. §§405(g) and 1383(c)(3) to review the final determination of defendant Nancy A. Berryhill, the Acting Commissioner of Social Security, that plaintiff was not entitled to Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Before me are the parties' cross-motions for judgment on the pleadings [15, 18].[3] Having reviewed the parties' submissions [15, 18, 19], I find that the determination of the Acting Commissioner is supported by substantial evidence.

## BACKGROUND

    On August 29, 2012 and October 31, 2012, plaintiff filed applications for DIB and SSI respectively (R. 137-38, 139-142).[4] He alleges that he has been disabled since April 6, 2010 due to back and neck injuries, bipolar disorder, human immunodeficiency virous ("HIV") and

---

[1]   Because Nancy A. Berryhill is now the Acting Commissioner of Social Security, she is substituted for Carolyn W. Colvin as the defendant in this action pursuant to Fed. R. Civ. P. ("Rule") 25(d). *See* Quintana v. Berryhill, 2017 WL 491657, *7 n. 1 (W.D.N.Y. 2017).

[2]   The parties have consented to the jurisdiction of a Magistrate Judge [20].

[3]   Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page references are to numbers located on the bottom of the document pages.

[4]   References denoted as "R." are to the administrative record [9].

arthritis (R. 173). After plaintiff's claim for SSI was initially denied (R. 96), an administrative hearing was held on June 30, 2014 before Administrative Law Judge ("ALJ") David Lewandowski (R. 36-74). The ALJ issued a decision denying benefits on January 12, 2015 (R. 10). The Appeals Council denied plaintiff's request for review on July 21, 2016, making the ALJ's determination the final decision of the Acting Commissioner (R. 1-5). Plaintiff thereafter commenced this action.

## DISCUSSION

**A.     Standard of Review**

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error". Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (*quoting* 42 U.S.C. §405(g)). Substantial evidence is that which a "reasonable mind might accept as adequate to support a conclusion". Consolidated Edison Co. of New York. Inc. v. NLRB, 305 U.S. 197, 229 (1938).

An adjudicator determining a claim for Social Security benefits employs a five-step sequential process. Shaw, 221 F.3d at 132; 20 C.F.R. §§404.1520, 416.920. Here, plaintiff argues that ALJ Lewandowski failed to give proper weight to a letter from a treating Nurse Practitioner ("NP"), and therefore, his determination at step five that plaintiff retains the residual functional capacity to perform work is not supported by substantial evidence. Plaintiff's Brief [15-1], p. 14. The Acting Commissioner bears the burden of proof at step five. Talavera v. Astrue, 697 F.3d 145, 151 (2d. Cir. 2012).

**B.     August 1, 2013 Letter from NP Lolita Small**

The sole issue presented by plaintiff is whether ALJ Lewandowski erred by giving no weight to the August 1, 2013 letter from NP Lolita Small (R. 524) stating that plaintiff was limited to working "4 hour shifts" and lifting no more than ten pounds. Plaintiff's Brief [15-1], p. 14.  In rejecting NP Small's opinion, ALJ Lewandowski stated that "there is no support in this record for a limitation to a 4 hour shift" and noted that NP Small saw the plaintiff on the day the assessment was written (R. 19).  Further, he noted that the letter failed include or refer to any objective findings supporting the limitations. Id. He also noted a lack of supporting objective findings in NP Small's August 1, 2013 treatment notes, or in the notes closely preceding and following that date. Id.

"An ALJ who refuses to accord controlling weight to the medical opinion of a treating physician must consider various 'factors' to determine how much weight to give to the opinion". Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004). These factors include:

> "(i) the frequency of examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the Social Security Administration's attention that tend to support or contradict the opinion." 20 C.F.R. § 404.1527(c)(2).

Further, the ALJ should also "explain the weight given to opinions from . . . 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the [ALJ]'s reasoning". S.S.R. 06-03p, at *6.

Here, it does not appear that NP Small had a long-standing treatment relationship with plaintiff at the time she wrote the letter. Although plaintiff had been seen at the Evergreen Medical Group since February of 2013 (R. 426), the treatment notes reflect that NP Small's first examination of plaintiff was on August 1, 2013, the date she wrote the letter in question (R. 459).

Moreover, NP Small's treatment note of that date states that she wrote the letter because plaintiff requested "a letter for work with limitations while he is under workup for his back pain". Id.

The record does not reflect that NP Small is an orthopedic specialist. While plaintiff's treatment from Evergreen reflect varying issues relating to back pain, they do not include findings reflecting the functional limitations stated in NP Small's August 1, 2013 letter. On February 12, 2013 his back pain was thought to be due to a muscle sprain (R. 430); on March 25, 2013, his pain was noted as getting "progressively worse" and affecting his mobility (R. 435); on June 3, 2013, he continued to have pain in back (R. 451). Plaintiff commenced a course of physical therapy to deal with the back pain on June 4, 2013 (R. 582). On June 11, 2013, the visit just prior to his August 1, 2013 examination by NP Small, an examination of plaintiff by Dr. Tyler Evans was "negative for arthralgias, back pain and myalgias" (R. 456). Upon musculoskeletal examination on that date, Dr. Evans noted that plaintiff had "full, painless range of motion of all major muscle groups and joints". Id.

Thus, it appears that plaintiff's back pain waxed and waned. Indeed, the report from plaintiff's initial physical therapy session notes that plaintiff stated that his pain ranged from a zero out of ten, to a seven out of ten (R. 582). While plaintiff was ultimately discharged from physical therapy due to a failure to make progress on August 23, 2013 (R. 586), on August 14, 2013 he reported that he took Ibuprofen "with good relief" for his back pain (R. 467).

In any event, the four-hour shift and ten-pound lifting limitations stated in NP Small's August 1, 2013 letter are not reflected or supported elsewhere in the record. Although the record contains objective findings which would support the fact that plaintiff suffers from some back pain, the degree of limitation stated by NP Small does not appear to be consistent with those findings. Moreover, her opinion is flatly contradicted by that of plaintiff's treating

physician at Evergreen, Dr. Fatai Gbadamosi,[5] whose residual functional capacity evaluation dated July 7, 2014 states that plaintiff could sit at least six hours in an eight-hour workday, stand and walk at least six hours in an eight-hour workday, could carry 20 pounds frequently and 50 pounds occasionally, and would be able to sustain full-time employment at any exertional level (R. 598-99).[6]

In sum, in light of the fact that NP Small did not have a long-standing treating relationship with plaintiff at the time she wrote the August 1, 2013 letter, and because the limitations stated that letter were not supported by clinical findings, are not consistent with plaintiff's overall medical record, and were contradicted by plaintiff's treating physician, ALJ Lewandowski did not err by failing to give weight to NP Small's August 1, 2013 letter.

## CONCLUSION

For these reasons, plaintiff's motion for judgment on the pleadings [15] is denied and the Acting Commissioner's motion for judgment on the pleadings [18] is granted.

Dated: November 6, 2018

    /s/ Jeremiah J. McCarthy
    JEREMIAH J. MCCARTHY
    United States Magistrate Judge

---

[5] Plaintiff argues that the Acting Commissioner should not be able to point to other opinions in the record to reject the opinion of NP Small because ALJ Lewandowski did not expressly point to those opinions in stating the basis for his rejection of her opinion. Plaintiff's Reply [19], p. 2. However, to the extent that ALJ Lewandowski's rejection of NP Small's opinion was based upon his assertion that "there is no support in this record for a limitation to a 4 hour shift" (R. 19), the Acting Commissioner can discuss the evidence in the record which supports this conclusion by ALJ Lewandowski. Moreover, the analysis mandated by Halloran and 20 C.F.R. § 404.1527(c)(2) requires an assessment of whether NP Small's opinion is consistent with other evidence in the record.

[6] Plaintiff does not challenge the opinions stated in Dr. Gbadamosi's July 7, 2014 residual functional capacity evaluation or raise any issues relating the opinions stated by Dr. Gbadamosi in that evaluation.